IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYNEKA CEPHAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No.: |
| v. | ) |
| | ) |
| THOMAS OLIVER, JR., | ) |
| ROBERT J. TRACY AND | ) |
| CITY OF WILMINGTON, a | ) |
| Municipal Corporation of the | ) |
| State of Delaware, | ) |
| | ) |
| Defendants. | ) |

## JOINT NOTICE OF REMOVAL

Defendants Robert J. Tracy and the City of Wilmington ("City Defendants"), with Defendant Thomas Oliver, Jr. ("Defendant Oliver") (collectively "Defendants") joining, hereby give notice of removal pursuant to 28 *U.S.C.* §§ 1331, 1441, and 1446, and in support thereof, state as follows:

## THE REMOVED ACTION

1. Plaintiff, Tyneka Cephas ("Plaintiff"), commenced this action on or about October 7, 2020 by filing a Complaint in the Superior Court of New Castle County, Delaware captioned *Tyneka Cephas v. Thomas Oliver, Jr., et al.* (the "Complaint"), attached hereto as Exhibit A.

2. Plaintiff is a resident of the State of Delaware. (Complaint, ¶1).

3. Defendant Oliver is a Delaware resident and former employee of the City of Wilmington Police Department ("WPD"), which has a business address of 300 N. Walnut Street, Wilmington, Delaware 19801. (Complaint, ¶¶2, 6).

4. The WPD is a department of the City of Wilmington (the "City"). The City is a municipal corporation of the State of Delaware.

5.      In the Complaint, Plaintiff seeks unspecified damages and alleges as follows:[1] on October 16, 2018, while Defendant Oliver was on duty patrolling the City of Wilmington, Defendant Oliver ordered Plaintiff, who was under the influence of alcohol, to sit in the front seat of his patrol vehicle (Complaint, ¶¶27-29, 32-34); after Plaintiff sat in the front seat, Defendant Oliver began questioning Plaintiff regarding her outstanding capias (*Id*. at ¶35); Defendant Oliver thereafter locked the doors to his patrol vehicle and advised Plaintiff that if she performed oral sex he would not arrest her on the capias (*Id*. at ¶¶36-37); Plaintiff, believing she was under arrest, engaged in oral sex and had sexual contact ("sexual act") with Defendant Oliver (*Id*. at ¶¶42, 45); Plaintiff claims that Defendant Oliver abused his position when he engaged in the sexual act with Plaintiff who was under the influence of alcohol and believed she was being arrested (*Id.* at ¶¶ 47-49); Plaintiff further asserts that Defendant Oliver was "aided" in said conduct by his status as an agent of City Defendants and/or Defendant Oliver's actions were pursuant to customs or practices authorized or sanctioned by City Defendants (*Id.* at ¶¶53, 73).

6.      The Plaintiff raises the following counts: Count I, raised under 42 *U.S.C.* § 1983, alleges that the City Defendants "adopted and maintained a policy, practice, or custom of deliberate indifference to instances of known or suspected sexual abuse and unlawful sexual intercourse of the public by police officers, while on duty, in uniform and in a marked police vehicle;" that the City Defendants failed to provide training and policies on the prohibition of such acts; and that Plaintiff's constitutional right to be free from state-imposed violations of bodily integrity under the Fourteenth Amendment was denied (*Id*. at ¶¶76-77, 82); Count II, assault, battery, and false imprisonment against Defendants (*Id*. at ¶¶84-85); Count III, negligence against Defendants (*Id*. at ¶¶90-95); Count IV, gross negligence against City Defendants for hiring, retaining, or failing to supervise Defendant Oliver (*Id*. at ¶¶97-103); and County V, breach of fiduciary duties against

---

[1] This paragraph merely contains a recitation of the facts in the Complaint and should not be construed as an admission by any of the Defendants.

Defendants (*Id.* at ¶¶105-110).  The Plaintiff seeks unspecified damages. (*Id*. at ¶110).

7.Pursuant to 28 *U.S.C.* § 1446(a), a copy of all process, pleadings, and other orders, except the Complaint, which is attached as Exhibit A, in the Superior Court file for Civil Action No. N20C-10-061 AML are attached hereto as Exhibit B.

## GROUNDS FOR REMOVAL

8.With exceptions not relevant here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 *U.S.C.* § 1441(a).  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 *U.S.C.* § 1331.

9.Under 28 *U.S.C.* § 1331, this Court has original jurisdiction over Plaintiff's action. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 *U.S.C.* § 1367.  As explained below, Plaintiff's Complaint raises issues arising under the Constitution and laws of the United States, and Plaintiff's right to relief necessarily depends on resolution of substantial questions of federal law.  Thus, removal is proper pursuant to 28 *U.S.C.* § 1441.

## REMOVAL IS APPROPRIATE BASED UPON ALLEGATIONS WHICH RAISE SUBSTANTIAL QUESTIONS OF FEDERAL LAW

10.Federal courts have federal question jurisdiction over a claim when "either . . . federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthcare Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation omitted).  Additionally, a state law action will also give rise to federal question jurisdiction when it appears from the Complaint that the right to relief depends upon the construction or application of federal law.  *See, Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfr.*, 545 U.S. 308, 312-14 (2005).

11.     This Court has original jurisdiction over this matter pursuant to 28 *U.S.C.* § 1331 as Count I of the Complaint is brought under 42 *U.S.C.* §1983, and the Complaint raises Constitutional issues and issues of federal law.  Indeed, Plaintiff states repeatedly in the Complaint that Defendants' actions violated federal constitutional rights.  *E.g.*, *id.* at ¶9, ¶59 ("The individual defendants' actions violated clearly established federal constitutional rights of which any public official, especially one serving as a police officer, would have known."), ¶63 ("The defendants either knew or showed a negligent or reckless disregard for the matter of whether their conduct violated federal constitutional rights."), ¶65, ¶66 ("The exercise of rights under the U.S. Constitution made a difference in all actions adverse to Plaintiff."), ¶74 ("By the policy, custom, and/or practice of officials functioning at a policy making level, defendants have caused a deprivation of constitutional rights.").

12.     Removal of this action is also appropriate as Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  The federal question jurisdiction of the district courts encompasses causes of action created by federal statutes, such as 42 *U.S.C.* § 1983, which explicitly authorizes a private remedy for acts that are taken under color of state law and violate rights secured by federal law.  As Count I of the Complaint is premised upon the allegations that City Defendants harbored a policy, practice, or custom of deliberate indifference to instances of known or suspected sexual abuse and unlawful sexual intercourse of the public by police officers (*Id.* at ¶¶76-77), failed to take necessary action, and violated Plaintiff's constitutional right to be free from state-imposed violations of bodily integrity under the Fourteenth Amendment (*Id.* at ¶82), the Plaintiff's case is dependent upon a resolution of substantial questions of federal law.

13.     The compelling need to fully analyze the complex and intricate framework of the federal constitutional claims and federal law raised in the Complaint greatly outweighs any factors needed to analyze the tortious claims.  For the reasons above, removal is proper, and this action

should be heard by this Court.

## **REMOVAL IS OTHERWISE PROPER**

14. Venue properly rests in the United States District Court for the District of Delaware, as this action is being removed from the Superior Court of the State of Delaware.

15. The Defendants are empowered under 28 *U.S.C.* § 1441, *et seq.* to remove this action to federal court.

16. Pursuant to 28 *U.S.C.* § 1446(d), a Notice of Filing Notice of Removal is being filed with the Superior Court of the State of Delaware in and for New Castle County and is also being served on Plaintiff. A true and correct copy of the Notice of Filing of the Notice of Removal is attached hereto as Exhibit C.

**WHEREFORE**, for the foregoing reasons, Defendants Robert J. Tracy, the City of Wilmington and Defendant Thomas Oliver, Jr. respectfully request that the matter pending before the Superior Court of Delaware be removed to the United States District Court in and for the District of Delaware in all regards, including trial and determination of all issues, written notice of such request for removal having been provided to Plaintiff.

| **DANIEL C. HERR, LLC** | **CITY OF WILMINGTON LAW DEPARTMENT** |
|---|---|
| */s/ Daniel C. Herr* | */s/ Rosamaria Tassone-DiNardo* |
| Daniel C. Herr, Esquire (I.D. #5497) | Rosamaria Tassone-DiNardo (I.D. #3546) |
| 1225 N. King Street, Suite 1000 | Deputy City Solicitor |
| Wilmington, DE 19801 | Louis L. Redding City/County Building |
| (302) 483-7060 | 800 N. French Street, 9th Floor |
| dherr@dherrlaw.com | Wilmington, DE 19801 |
| *Attorney for Defendant* | (302) 576-2175 |
| *Thomas Oliver, Jr.* | rtassone@wilmingtonde.gov |
| | *Attorney for Defendants Robert J. Tracy & the City of Wilmington* |

Date:   December 17, 2020