EXHIBIT "A"

**EFiled:  Oct 07 2020 12:18PM EDT**
**Transaction ID 65997771**
Case No. N20C-10-061 AML

## IN THE  SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| TYNEKA CEPHAS,       ) | |
| ) | |
| ) | C.A. NO.: |
| Plaintiff,     ) | TRIAL BY JURY DEMANDED |
| ) | |
| V.        ) | |
| ) | |
| THOMAS OLIVER, JR.,   ) | |
| ROBERT J. TRACY AND   ) | |
| CITY OF WILMINGTON, a   ) | |
| Municipal Corporation of the ) | |
| State of Delaware,    ) | |

Defendants.

## COMPLAINT

## THE PARTIES

(Allegations Common to All Counts)

1.  Plaintiff, Tyneka Cephas, is a resident of the State of Delaware.

2.  Defendant Thomas Oliver ("Oliver") is a Delaware resident, whose last known address is 2 Queens Way, Apt. 2, Newark, Delaware 19713.

3.  Defendant the City of Wilmington ("Wilmington") is an incorporated municipality within the State of Delaware.

4.  Wilmington operates a police department known as the Wilmington Police Department.

5.      Defendant, Robert J. Tracy ("Chief Tracy"), was at all times relevant herein the Chief of the Wilmington Police Department and as such, an employee of Wilmington.

6.      At all times relevant to the claims asserted herein Oliver was employed by Wilmington as a police officer within the Wilmington Police Department and acting within the course and scope of his employment. He is sued individually and in his official capacity.

7.      At all times relevant to the claims asserted herein Chief Tracy was employed by Wilmington and acting within the course and scope of his employment. He is sued individually and in his official capacity.

8.      At all times relevant hereto, Chief Tracy was responsible for the management and control of the Wilmington Police Department and was responsible for employing police officers in Wilmington. Chief Tracy was also responsible for the implementation and administration of the policies, customs, practices, and procedures of the Wilmington Police Department. He was also responsible for the hiring, screening, training, supervision, retention, discipline, counsel, and control of the employees of the Wilmington Police Department, including defendant Oliver.

9.      Plaintiff is seeking damages under federal and state law pursuant to the claims for relief specified below.

10.    Wilmington received notice of this claim by way of certified letter on September 30, 2019, thus satisfying the notice requirement of City of Wilmington, DE Code of Ordinances: Article I, Sec. 2-3. – Notice of claims against City of Wilmington.

## FACTUAL ALLEGATIONS

### A. Agency

11.    Plaintiff incorporates by reference all preceding paragraphs as though stated fully herein.

12.    At all times relevant hereto Oliver was a police officer employed by Wilmington within the Wilmington Police Department.

13.    Oliver was at all times employee of Wilmington which was responsible for employing and supervising him.

14.    At all times and in all matters relevant hereto, Wilmington was the principal and its agent was Oliver. Wilmington manifested an intention that Oliver become its agent and act upon its behalf. Oliver was empowered by Wilmington to perform duties and functions undertaken on behalf of Wilmington and the Wilmington Police Department. Oliver accepted and consented to serve and act on their behalf as its agent. Oliver consented to be subject to Wilmington's control.

15.    All acts, if any, initially done outside the scope of that consent or ratified, confirmed, adopted, acquiesced in, and not repudiated by defendants. Such

3

acts were enabled by the agency relationship.

16.    Oliver's actions were the kind defendants expected him to perform. His conduct was not unexpected by defendants. His actions occurred substantially within the authorized time and space limits placed upon him by defendants. Oliver was actuated at least in part by a purpose to serve defendants.

17.    All Oliver's contacts with Plaintiff were made pursuant to his regular and routine job duties.

18.    Upon information and belief, Oliver's misconduct was authorized, sanctioned, ratified, acquiesced in or approved by Chief Tracy in Wilmington.

19.    At all times pertinent to the claims asserted herein, Wilmington is responsible for the actions of Chief Tracy and Oliver through *respondeat superior*.

### B. Fiduciary Relationships

20.    Plaintiff incorporates by reference all preceding paragraphs as though stated fully herein.

21.    A fiduciary relationship existed between Plaintiff on the one hand, and Oliver and defendants on the other. These relationships are characterized by the highest degree of trust, confidence, good faith, honesty and candor, as well as a prohibition against self-dealing.

22.    This special fiduciary relationship was formed due to the actions of Plaintiff's and the public and whole and trusting their safety to defendants.

23.    As a result of placing this trust, defendant Oliver gained influence, superiority, and responsibility over Plaintiff.

### C. Facts

24.    Plaintiff incorporates by reference all preceding paragraphs as though stated fully herein.

25.    The defendants and/or their agents failed to perform a proper background check prior to hiring Oliver or to meet the standard of care for background checks in a police department.

26.    The defendants issued various policies, procedures and training on prohibited acts while on duty to include littering, reading periodicals, and eating. Sexual acts were not prohibited acts while on duty.

27.    On or about October 16, 2018, defendant Oliver was on duty, in uniform, and in his marked patrol vehicle working as a Wilmington police officer employed by Wilmington.

28.    At the same time and place, Plaintiff and Oliver's path crossed within the city of Wilmington.

29.    At the same time and place, Plaintiff was under the influence of alcohol.

30.    At the same time Plaintiff had a capias for her arrest.

31.    On or about October 16, 2018 Oliver knew, or should have known, that Plaintiff had a capias for her arrest.

32.   Defendant Oliver ordered Plaintiff to get into his vehicle.

33.   Plaintiff began to enter the rear of Defendant Oliver's patrol vehicle because she believed she was under arrest.

34.   Defendant Oliver then ordered Plaintiff to sit in the front passenger seat of his patrol vehicle.

35.   Upon entering the front passenger seat of the patrol vehicle, Defendant Oliver asked Plaintiff questions about the capias.

36.   Defendant Oliver then locked the door to his patrol vehicle.

37.   Oliver told Plaintiff that if she performed oral sex on him he would not arrest her on the capias.

38.   Plaintiff attempted to exit the vehicle, but was unable to because the door was locked.

39.   Plaintiff trusted Oliver since he was a police officer, in uniform and in his patrol vehicle.

40.   Plaintiff had two choices to make: perform oral sex on Oliver or go to jail.

41.   Any reasonable person, especially one under the influence of alcohol, would believe that they were under arrest.

42.   Plaintiff believed that she was under arrest.

43.   Plaintiff believed that she would be released if she performed oral sex

on Oliver.

44.    Oliver, through his training as a Wilmington Police Officer, had the knowledge, experience, and skills necessary whereby he knew or should have known that Plaintiff was under the influence of alcohol.

45.    At the same time and place, while defendant Oliver was on duty, in uniform, and in his patrol vehicle, Plaintiff performed oral sex on and had sexual contact with Oliver ("sexual act").

46.    Plaintiff was unable to consent to any sexual act as she was under the influence of alcohol.

47.    Plaintiff was unable to consent to a sexual act with the arresting officer because she was under arrest or had a reasonable belief of being under arrest.

48.    Oliver was in a position of superior power and authority over a person who had a capias and was under the influence of alcohol.

49.    On or about October 16, 2018 Plaintiff was subject to sexual assault, sexual abuse, unlawful sexual intercourse, and rape when Oliver performed the sexual act with her and used his position of authority as a Wilmington police officer to engage in oral sex with Plaintiff.

50.    On or about October 16, 2018 Oliver knew, or should have known that Plaintiff was intoxicated and was incapable of providing consent to any sexual act with him.

51.     On or about October 16, 2018 Oliver knew, or should have known that Plaintiff believed that she was under arrest and was incapable of providing consent to any sexual act with him.

52.     On or about October 16, 2018 Oliver knew, or should have known that Plaintiff feared for her safety and was therefore incapable of providing consent to any sexual act with him.

53.     Oliver was aided in accomplishing the torts mentioned herein by the existence of his agency relation with Wilmington and his role as a police officer.

### D. Causation

54.     Plaintiff incorporates by reference all preceding paragraphs as though stated fully herein.

55.     The willful, wanton, and reckless actions of the defendants were the proximate cause of separate and distinct immediate and long-term injuries and conditions which Plaintiff suffered. The actions of each defendant played a determinative role in these injuries. The recklessness and gross negligence of the defendants was a substantial or motivating factor in causing Plaintiff's injuries.

### E. Injuries

56.     Plaintiff incorporates by reference all preceding paragraphs as though stated fully herein.

57.     Plaintiff's separate and distinct immediate and long term injuries and conditions, which were the result of sexual abuse, include, but are not limited to, rape, lack of intimacy, guilt, emotional pain and distress, fear, fright, shame, humiliation, anger, loss of enjoyment of life, embarrassment, and other temporary or permanent personal injuries.

## ALLEGATIONS REGARDING THE DEFENDANTS' CONDUCT

58.     Plaintiff incorporates by reference all preceding paragraphs as though stated fully herein.

59.     The individual defendants' actions violated clearly established federal constitutional rights of which any public official, especially one serving as a police officer, would have known.

60.     The individual defendants' actions were willful, reckless, oppressive, outrageous and taken with evil motive, in bad faith, out of personal animus, and without any reasonable grounds to support them.

61.     At all times material hereto the individual defendants and their agents were acting under color of law. The federal constitutional deprivations described herein are fairly attributable to the State.

62.     The actions of the defendants and their agents or employees were deliberately, intentionally, willfully, purposefully, and knowingly done in violation of federal constitutional rights and because of the exercise of those rights.

63.     The defendants either knew or showed a negligent or reckless disregard for the matter of whether their conduct violated federal constitutional rights.

64.     The defendants' actions were outrageous and taken with evil motive, in bad faith, out of personal animus and without any reasonable grounds to support them.

65.     The defendants' actions were wanton and malicious or taken with reckless indifference to federal constitutional rights.

66.     The exercise of rights under the U.S. Constitution made a difference in all actions adverse to Plaintiff.

67.     The exercise of these rights was a motivating, substantial or determinative factor in all actions adverse to Plaintiff.

68.     The defendants did not reasonably believe that the actions they took were necessary to accomplish any legitimate governmental purpose.

69.     The defendants' actions were motivated by bias, bad faith, and improper motive.

70.     The defendants' actions constitute an abuse of governmental power.

71.     The defendants' actions do not further any narrowly drawn important, substantial or compelling governmental interest.

72.    The defendants' actions are not so reasonable as to further any governmental interest asserted and do not closely fit the goal of serving those governmental interests.

73.    The actions of the defendants were taken pursuant to Wilmington's customs and/or practices and were authorized, sanctioned, implemented, permitted, and ratified by officials functioning at a policy making level.

74.    By the policy, custom, and/or practice of officials functioning at a policy making level, defendants have caused a deprivation of constitutional rights. Additionally, defendants must have known, or reasonably should have realized, from the nature of their conduct that their policy, custom and/or practice was causing or was likely to cause violations of federal constitutional rights.

## COUNT I (42 U.S.C. § 1983 *Monell* Claim)

75.    Plaintiff incorporates by reference all preceding paragraphs as though stated fully herein.

76.    Wilmington adopted and maintained a policy, practice, or custom of deliberate indifference to instances of known or suspected sexual abuse and unlawful sexual intercourse of the public by police officers, while on duty, in uniform and in a marked police vehicle.

77.    The failure of Wilmington and Chief Tracy to take action necessary to prevent the sexual abuse and unlawful sexual intercourse of the public by

providing training, policies and procedures on various prohibited acts while on duty to the exclusion of sexual acts, is an example of this policy, practice, or custom of deliberate indifference to the constitutional rights of persons such as Plaintiff.

78.    These policies, practices, or customs created a climate which facilitated sexual abuse and unlawful sexual intercourse of the public by police officers.

79.    Those policies, practices, or customs adopted or maintained by defendants directly and proximately caused the violation of Plaintiff's bodily integrity when she was raped, sexually abused, and had unlawful sexual intercourse with Oliver.

80.    Defendants acted with a degree of culpability that shocks the conscience.

81.    The actions of defendants were reckless, intentional, and wanton and merit an award of punitive damages.

82.    Plaintiff's constitutional right to be free from state-imposed violations of bodily integrity has been denied under the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983.

## COUNT II (Assault, Battery and False Imprisonment)

83.    Plaintiff incorporates by reference all preceding paragraphs as though stated fully herein.

84.    At all times relevant hereto, defendants had actual or constructive knowledge and actual notice of prior misconduct by Oliver which endangered the public and subjected them to sexual abuse and unlawful sexual intercourse.

85.    The acts of Oliver toward Plaintiff are crimes in Delaware under, *inter alia*, 11 Del. C. §§ 615, 767, 769, 772, 773, 774, 780A, and 781. They also constituted civil assault, battery and false imprisonment. These intentional torts occurred during the normal course of his routine and regular employment duties.

86.    Under agency principles her employer, the defendants are legally responsible for these torts.

87.    The actions of defendants were willful, wanton or oppressive and merit an award of punitive damages.

88.    Plaintiff's right be free of assault, battery and false imprisonment has been denied under the common law of the State of Delaware.

## COUNT III (Negligence)

89.    Plaintiff incorporates by reference all preceding paragraphs as though stated fully herein.

90.     At all times relevant hereto, defendants had actual or constructive knowledge and actual notice of prior misconduct by Oliver which endangered students and subjected them to sexual abuse.

91.     Defendant Oliver owed a duty of care to Plaintiff, under the circumstances then existing.

92.     Defendant breached his duty by raping and/or engaging in unlawful sexual intercourse with Plaintiff.

93.     As a direct and proximate result of defendant's negligence, Plaintiff has been injured.

94.     The actions of Oliver were willful, wanton or oppressive and merit an award of punitive damages.

95.     Plaintiff's right be free of negligence has been denied under the common law of the State of Delaware.

## COUNT IV (Gross Negligence)

96.     Plaintiff incorporates by reference all preceding paragraphs as though stated fully herein.

97.     At all times relevant hereto, defendants had actual or constructive knowledge and actual notice of prior misconduct by Oliver which endangered the public and subjected them to sexual abuse and/or unlawful sexual intercourse.

98.    Defendants owed a duty of care to the Plaintiff under the circumstances then existing.

99.    Defendants intentionally, willfully, wantonly, recklessly, and with gross negligence breached their duty to the Plaintiff by hiring, retaining, and failing to supervise Oliver, failing to warn Plaintiff, allowing Plaintiff to be in the front seat of Oliver's patrol vehicle, and failing to protect the Plaintiff from the foreseeable criminal acts of Oliver when they knew or should have known that Oliver posed a danger to Plaintiff.

100.    Defendants' breach of duty constituted an intentional failure to perform a manifest duty in reckless disregard of the consequences to all foreseeable victims of Oliver, including Plaintiff.

101.    Defendants evidenced a conscious disregard for the risk of harm to the foreseeable victims of Oliver, the public within the City of Wilmington and Plaintiff.

102.    As a direct and proximate result of the defendants' gross negligence and intentional, willful, wanton, and reckless acts, Plaintiff has been injured. The actions of the defendants were willful, wanton or oppressive and merit an award of punitive damages.

103.    Plaintiff's right be free of gross negligence by defendants has been denied under the common law of the State of Delaware.

## COUNT V (Breach of Fiduciary Duty)

104.   Plaintiff incorporates by reference all preceding paragraphs as though stated fully herein.

105.   At all times relevant hereto, defendants had actual or constructive knowledge and actual notice of prior misconduct by Oliver which endangered students and subjected them to sexual abuse.

106.   Defendants owed various fiduciary duties to Plaintiff.

107.   Defendants grossly breached those fiduciary duties.

108.   As a direct and proximate result of the defendants' breach of fiduciary duties, Plaintiff has been injured.

109.   The actions of the defendants were willful, wanton or oppressive and merit an award of punitive damages.

110.   Plaintiff's rights have been denied under the common law of the State of Delaware.

**WHEREFORE**, Plaintiff prays that the Court enter judgment against each defendant, jointly and severally, for compensatory damages, punitive damages, costs and pre and post judgment interest, and attorney's fees and such other and further relief as the Court deems just and proper.

Hudson & Castle Law, LLC

*/s/ Joshua J. Inkell, Esq.*
Joshua J. Inkell, Esq. #5620
2 Mill Road, Suite 202
Wilmington, DE  19806
Phone (302) 428-8800
josh@hudsoncastlelaw.com
Attorney for Plaintiff

Dated: October 7, 2020

EFiled: Oct 07 2020 12:18PM EDT
Transaction ID 65997771
Case No. N20C-10-061 AML

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| TYNEKA CEPHAS, | : C.A. No.: |
| | : |
| Plaintiff, | : |
| | : |
| v. | : TRIAL BY JURY DEMANDED |
| | : |
| THOMAS OLIVER, JR., | : |
| ROBERT J. TRACY and | : |
| CITY OF WIMINGTON, | : |
| | : |
| Defendants. | : |

### AFFIDAVIT OF COUNSEL PURSUANT TO RULE 3(a)(I)(ii) AND (iii)

STATE OF DELAWARE :
                              : SS.
NEW CASTLE COUNTY:

I, JOSHUA J. INKELL, ESQ., having been duly sworn, do depose and say:

1. I am counsel for Tyneka Cephas in the above-captioned action.

2. This action involves a claim for personal injuries.

3. Documentation of medical records, expenses, and tax returns will

be supplied within thirty days of the entry of appearance on behalf of Thomas

Oliver, Jr., Robert J. Tracey, and the City of Wilmington.

_____
JOSHUA J. INKELL, ESQ.

Sworn to and subscribed before me on October 7, 2020

_____
NOTARY

EFiled: Oct 07 2020 12:18PM EDT
Transaction ID 65997771
Case No. N20C-10-074 CEB

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYNEKA CEPHAS | : | C.A. No.: |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| THOMAS OLIVER JR., | : | |
| ROBERT J. TRACY, and | : | |
| CITY OF WILMINGTON, | : | |
| | : | |
| Defendants. | : | |

### <u>SUMMONS</u>

**TO SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

To summon the above-named Defendants so that, within 20 days after service hereof upon Defendant, exclusive of date of service, Defendant shall serve upon JOSHUA J. INKELL, ESQ., Plaintiff's attorney, whose address is 2 Mill Road, Suite 202, Wilmington, Delaware 19806, an Answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon Defendant a copy hereof and of the Complaint (and of the affidavit of demand if any has been filed by Plaintiff).

DATE:                                        *Lisa M. Gonzalez*
                                                    *Chief Deputy Prothonotary*


                                                    _____
                                                    Per Chief Deputy

1

**TO THE ABOVE NAMED DEFENDANTS:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an Answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the Complaint (or in the affidavit of demand, if any).

*Lisa M. Gonzalez*
*Chief Deputy Prothonotary*

_____

Per Chief Deputy

DATE:

2

EFiled:  Oct 07 2020 12:18PM EDT
Transaction ID 65997771
Case No. N20C-10-061 AML

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| TYNEKA CEPHAS | : C.A. No.: |
| | : |
| Plaintiff, | : |
| | : |
| v. | : TRIAL BY JURY DEMANDED |
| | : |
| THOMAS OLIVER, JR., | : |
| ROBERT J. TRACY, and | : |
| CITY OF WILMINGTON, | : |
| | : |
| Defendants. | : |

## P R A E C I P E

**TO:  Office of the Prothonotary**
Superior Court
New Castle County Courthouse
500 N. King Street
Wilmington, DE  19801

**PLEASE ISSUE** Summons and Complaint to the Sheriff of New Castle

County for service upon the following Defendants:

**THOMAS OLIVER, JR.** whose last known address is:

2 Queens Way, Apt. 2,
Newark, DE 19713

**ROBERT J. TRACY** whose last known address is:

2401 Baynard Blvd
Wilmington, DE 19820

1

**CITY OF WILMINGTON,** who can be served by serving:

Mayor Michael S. Purzycki
City of Wilmington
Louis L. Redding City/County Building,
800 N. French Street, 9th Floor
Wilmington, DE 19801

Hudson & Castle Law, LLC

*/s/ Joshua J. Inkell, Esq.*
Joshua J. Inkell, Esq. #5620
2 Mill Road, Suite 202
Wilmington, DE  19806
Phone (302) 428-8800
josh@hudsoncastlelaw.com
Attorney for Plaintiff

Dated: October 7, 2020

2

EFiled: Oct 07 2020 12:18PM EDT
Transaction ID 65997771
Case No. N20C-10-061 AML

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| TYNEKA CEPHAS, | :  C.A. No.: |
| | : |
| Plaintiff, | : |
| | : |
| v. | :  TRIAL BY JURY DEMANDED |
| | : |
| THOMAS OLIVER, JR., | : |
| ROBERT J. TRACY and | : |
| CITY OF WILMINGTON, | : |
| | : |
| Defendants. | : |

## PLAINTIFF'S ANSWERS TO FORM 30 INTERROGATORIES

1. Give the name and present or last known residential and employment address and telephone number of each eye-witness to the incident which is the subject of the litigation.

    **A. Plaintiff, Tyneka Cephas, whose contact information is in the Complaint.**

    **B. Defendant, Thomas Oliver, Jr., whose contact information is in the Complaint.**

    **C. Defendant, Robert J. Tracy, whose contact information is in the Complaint.**

    **D. Defendant, City of Wilmington, whose contact information is in the Complaint.**

    **E. Plaintiff, Tyneka Cephas reserves the right to supplement this response throughout the discovery process.**

2. Give the name and present or last known residential and employment address and telephone number of each person who has knowledge of the facts relating to the litigation.

1

**A. The parties listed in Plaintiff's Answer to Form 30 Interrogatories No. 1, and some other family members and friends of Plaintiff, personnel and associates of Hudson & Castle Law, LLC, 2 Mill Road, Suite 202, Wilmington, DE, 19806, 302-428-8800; Plaintiff's medical providers and New Castle County Police Department.**

**B. Plaintiff reserves the right to supplement this response throughout the discovery process.**

3.   Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

**A. Plaintiff has been interviewed by her counsel, the contents of which are protected under attorney-client privilege. Plaintiff is not in possession of any transcribed statements to date, if they exist. It is unknown to Plaintiff if the Defendants or any other eyewitness or expert gave any recorded statements or produced reports.**

**B. Plaintiff reserves the right to supplement this response throughout the discovery process.**

4.   Identify all photographs, diagrams or other representation made on connection with the matter in litigation, giving the name and present or last known residential and employment address and telephone number of the person having the original and copies thereof.  (In lieu thereof, a copy can be attached).

**A. Not applicable. Plaintiff reserves the right to supplement this response throughout the discovery process.**

5.   Give the name, professional address and telephone number of all expert witnesses presently retained by the party together with the dates of any written opinions prepared by said expert.  If an expert is not presently retained, describe by type the experts whom the party expects to retain in connection with the litigation.

**A.  None at this time, other than plaintiff's treating physicians. Plaintiff reserves the right to identify and use at the time of trial, appropriate liability, medical, and economic experts, if necessary.**

**B.  Plaintiff reserves the right to supplement this response throughout the discovery process.**

6.  Give a brief description of any insurance policy including excess coverage, that is or may be applicable to the litigation, including:

(a) the name and address of all companies insuring the risk;
(b) the policy number;
(c) the type of insurance;
(d) the amounts of primary, secondary and excess coverage.

**A. Not applicable.**

7.  Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists, and physical therapists who have examined or treated you at any time during the ten year period immediately prior to the date of the incident at issue in this litigation.

**A.  A complete list will be provided to Defendants or their counsel following the filing of an Answer.**
**B.  Plaintiff reserves the right to supplement this response throughout the discovery process.**

Hudson & Castle Law, LLC

*/s/ Joshua J. Inkell, Esq.*
Joshua J. Inkell, Esq. #5620
2 Mill Road, Suite 202
Wilmington, DE  19806
Phone (302) 428-8800
josh@hudsoncastlelaw.com
Attorney for Plaintiff

Dated: October 7, 2020

3

EFiled:  Oct 07 2020 12:18PM EDT
Transaction ID 65997771
Case No. N20C-10-061 AML

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TYNEKA CEPHAS,                              : C.A. No.:

           Plaintiff,                 :
                                           :
     v.                                   : TRIAL BY JURY DEMANDED
                                           :
THOMAS OLIVER, JR.,                        :
ROBERT J. TRACY, and                       :
CITY OF WILMINGTON,                        :
                                           :
          Defendants.              :

### FORM 30 AFFIDAVIT

STATE OF DELAWARE       :
                        : SS.
COUNTY OF NEW CASTLE   :

BE IT REMEMBERED that on this 7th day of October, 2020, JOSHUA J. INKELL, ESQUIRE, deposes and states that he is the attorney for the Plaintiff, that he has read Plaintiffs' Answers to Form 30 Interrogatories filed in this case and that the statements and facts contained therein are true and correct to the best of his knowledge, information and belief.

Hudson & Castle Law, LLC

/s/ Joshua J. Inkell, Esq.
Joshua J. Inkell (#5620)
2 Mill Road, Suite 202
Wilmington, DE  19806
Phone (302) 428-8800
josh@hudsoncastlelaw.com
Attorney for Plaintiff

Dated: October 7, 2020