IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TYNEKA CEPHAS,

    *Plaintiff*,

v.                       No. 20-cv-1712-SB

THOMAS OLIVER, JR., et al.,

    *Defendants*.

---

Renée Leverette, THE IGWE FIRM, Wilmington, Delaware.

                                       *Counsel for Plaintiff.*

Daniel C. Herr, LAW OFFICE OF DANIEL C. HERR, LLC, Wilmington, Delaware.

                         *Counsel for Defendant Thomas Oliver, Jr.*

Rosamaria Tassone-DiNardo, CITY OF WILMINGTON LAW DEPARTMENT, Wilmington, Delaware.

            *Counsel for Defendants City of Wilmington and Robert J. Tracy.*

---

**MEMORANDUM OPINION**

April 22, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Tyneka Cephas was walking when Wilmington police officer Thomas Oliver stopped her. Compl. ¶ 28, D.I. 1-1. There was a warrant out for her arrest. *Id.* ¶ 30. So he told her to get into the front seat of his patrol car. *Id.* ¶ 34. Once she did, he locked the doors. *Id.* ¶ 36. Then, Cephas alleges, Oliver coerced her into sex. He said that if she performed oral sex on him, he would not arrest her. *Id.* ¶ 37. Otherwise, she would go to jail. *Id.* ¶ 40. Intoxicated and afraid, she did. *Id.* ¶¶ 45–46, 52.

Cephas sued Oliver, police chief Robert Tracy, and the City in state court. Defendants removed the suit to this Court. D.I. 1. Then they all moved to dismiss. D.I. 4–5. I take the complaint's well-pleaded facts as true and view them in the light most favorable to Cephas. *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021). Given that, I will grant the defendants' motions in part.

## I. OLIVER IS NOT IMMUNE FROM CEPHAS'S TORT CLAIMS

### A. Cephas can hold Oliver personally liable for most claims

To start, Cephas sued Oliver for battery, assault, false imprisonment, and negligence. Compl. ¶¶ 85, 91–93. Delaware's County and Municipal Tort Claims Act protects government employees from suit in their official capacity. Still, Cephas can hold Oliver "personally liable for [willful and malicious] acts … causing … bodily injury." 10 Del. C. § 4011(c).

In defense, Oliver insists that the coerced oral sex did not cause "bodily injury." Oliver Br. 4–5, D.I. 4. He is wrong. The Act does not define "bodily injury." *See* 10 Del. C. § 4010. And Delaware courts have not said if this precise situation fits within its bounds. Sitting in diversity, I must predict how the Delaware Supreme Court would

2

rule. *McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 356 (3d Cir. 2020). And more than forty years ago, it held that bodily harm is inherent in sexual assault. *State v. Oakes*, 373 A.2d 210, 215 (Del. 1977). Indeed, that court viewed it as "contrary to the tenets of a civilized society to determine that rape is not harm." *Id.* Certainly, it causes serious psychological consequences, but "[t]here is no question … that rape involves serious physical … consequences" too. *Id.* Here, Cephas pleads "rape" and "sexual abuse." Compl. ¶ 57. Under the Act, I predict that the Delaware Supreme Court would count these types of harms as bodily injury. So Oliver is not immune from this suit.

### B. Cephas cannot bring a claim for breach of fiduciary duty

Cephas brings another tort claim: breach of fiduciary duty. Compl. ¶¶ 21–23, 106–07. But this claim fails as a matter of law. No Delaware court has ever held that the police owe its citizens a fiduciary duty of honesty, trust, and good faith. In fact, Cephas points to no other state court that has. This Court will not be the first.

To owe a fiduciary duty, a person must have a "special" relationship of control over and trust with another. *Total Care Physicians, P.A. v. O'Hara*, 798 A.2d 1043, 1058 (Del. Super. Ct. 2001) (internal quotation marks omitted). Certainly, citizens trust their police not to abuse their power. But this is an impersonal relationship; the parties remain at "arms-length." *McMahon v. New Castle Assocs.*, 532 A.2d 601, 605 (Del. Ch. 1987). Cephas and Oliver had the same general "relationship of trust and vulnerability that any citizen has with the government." *Beyers v. Bd. of Educ.*, 2011 Del. Super. LEXIS 1678, at *17 (Del. Super. Ct. May 16, 2011). Since Cephas has not

shown that a fiduciary duty exists, I must dismiss this claim (and the related one against the City and the police chief) with prejudice.

## II. THE CITY AND POLICE CHIEF ARE IMMUNE FROM CEPHAS'S STATE CLAIMS

Next, Cephas seeks to hold Oliver's employers (the police chief and the City of Wilmington) liable for his battery, assault, and false imprisonment. Compl. ¶ 86. She also accuses them of gross negligence in hiring and supervising Oliver. *Id.* ¶ 99.

But the County and Municipal Tort Claims Act gives immunity to "all governmental entities and their employees" from "any and all tort claims" unless the claims involve car crashes, accidents in public buildings, or toxic torts. 10 Del. C. §§ 4011(a), 4012. Cephas's sexual-assault claims do not fit into these categories. So I will dismiss her claims against the City with prejudice.

Similarly, Cephas cannot hold Tracy liable in his official capacity as police chief. But she could hold him personally liable if he acted "with wanton negligence or willful and malicious intent." § 4011(c). That means the chief had to know that Oliver was likely to assault someone yet do nothing to stop him. *McCaffrey v. City of Wilmington*, 133 A.3d 536, 547–48 (Del. 2016). Cephas has pleaded no facts to show that. So I will dismiss her claims against him without prejudice.

## III. CEPHAS DID NOT PLEAD HER CONSTITUTIONAL CLAIM WITH PARTICULARITY

Lastly, Cephas says that Oliver violated her constitutional right to bodily integrity, and she wants to hold the City, not Oliver, liable under 42 U.S.C. § 1983. Compl. ¶ 82. But Cephas does not plead this claim specifically enough.

To hold the City liable for its officer's actions, Cephas must show that the City itself caused her constitutional injury. *Monell v. Dep't of Soc. Servs. of City of New*

4

*York*, 436 U.S. 658, 694 (1978). To do that, she asserts the City had a "policy, practice, or custom of deliberate indifference" to sexual abuse by its on-duty police officers. Compl. ¶ 76; *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). In support, she says that while the City had explicit policies not to eat, litter, or read magazines on the job, it had no written policy prohibiting sex. *Id.* ¶ 26.

That is not enough to "plausibly" show that the City had a policy or custom of deliberate indifference to its officers' alleged misconduct. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). To start, Cephas points to no official "policy statement, ordinance, regulation, or decision." *Monell*, 436 U.S. at 690. Nothing shows that the City made the "conscious" choice to ignore sexual misconduct by its officers. *City of Canton*, 489 U.S. at 389. For custom, Cephas has not sufficiently pled an unofficial habit of ignoring misconduct, much less a "permanent and well settled" one. *Monell*, 436 U.S. at 691. Indeed, she identifies no other sexual misconduct by on-duty officers. For the City to have a custom of ignoring misconduct, there must be more than one incident to ignore. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (Rehnquist, J., joined by Burger, C.J., and White and O'Connor, JJ.); *id.* at 830–31 (Brennan, J., joined by Marshall and Blackmun, JJ.).

Sometimes, a city's inadequate training can amount to a policy or custom of deliberate indifference to police misconduct. *City of Canton*, 489 U.S. at 388. Cephas suggests that is the case here. But she merely asserts that the City should have explicitly trained its officers *not* to have sex with arrestees. Compl. ¶ 77. She alleges no facts to show that the City was on notice that officers needed more training. *City of Canton*,

5

489 U.S. at 390. Plus, she has not explained how more training would have prevented Oliver's intentional wrong. *Id.* at 391. Police officers should not have to be told not to sexually assault arrestees.

Cephas has not plausibly tied the City to her injuries, so her *Monell* claim fails. Perhaps she could add facts to plausibly plead that the City had a policy or custom of deliberate indifference. So I will dismiss this claim without prejudice and give her leave to amend.

\* \* \* \* \*

Oliver is not immune from tort claims for his alleged sexual assault. But the police chief and the city that employed him are. For her constitutional claim, Cephas has not plausibly tied the City to her assault, but she will have one more chance to do so in an amended complaint. The same is true for her state-law claims against the police chief. So I will grant the City and Tracy's motion and grant Oliver's motion in part.