IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TYNEKA CEPHAS,

    *Plaintiff,*

v.

THOMAS OLIVER, JR., et al.,

    *Defendants.*

No. 20-cv-1712-SB

---

Renée Leverette, THE IGWE FIRM, Wilmington, Delaware.

*Counsel for Plaintiff.*

Rosamaria Tassone-DiNardo, CITY OF WILMINGTON LAW DEPARTMENT, Wilmington, Delaware.

*Counsel for Defendants.*

**MEMORANDUM OPINION**

August 2, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Tyneka Cephas says that a police officer coerced her into oral sex. So she sued him, the police chief, and the city that employed them. I let her claims against the officer proceed but dismissed her claims against the chief and the city, though I gave her a chance to amend. *Cephas v. Oliver*, 2021 WL 1580831, at *3 (D. Del. Apr. 22, 2021). Because she did not add enough facts, I will now dismiss those claims with prejudice. As that will leave this case without a federal hook, I must remand it to state court.

## I. CEPHAS DID NOT ADD FACTUAL SPECIFICS TO HER COMPLAINT

In my prior opinion, I gave Cephas strict instructions to provide factual support for her claims in the amended complaint. Instead, she added cursory allegations.

### A. Cephas failed to plausibly plead that the chief ignored misconduct

Cephas brings state-law assault, battery, false-imprisonment, and gross-negligence claims against the police chief, Robert Tracy. But as a government employee, he is immune from tort suits. 10 Del C. § 4011(a). To overcome that immunity, she had to *plausibly* plead that he acted "with wanton negligence or willful and malicious intent." § 4011(c). That is, she needed to add "enough fact[s] … to suggest" that the chief knew that officer Thomas Oliver was likely to assault someone but did nothing to stop him. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *McCaffrey v. City of Wilmington*, 133 A.3d 536, 547–48 (Del. 2016). She did not.

Cephas says that Oliver engaged in "prior sexual misconduct against citizens," plus "other misconduct that demonstrated he was unfit for duty." Am. Compl. ¶ 96, D.I. 20. But she provides not a single detail—not the who, what, when, or where—of

2

this prior misconduct. That means she has not "raise[d] a reasonable expectation that discovery will reveal" that the chief was on notice that Oliver had assaulted others and so might assault her. *Twombly*, 550 U.S. at 556.

Similarly, Cephas says the chief "failed to stop Oliver," but does not explain how. Am. Compl. ¶ 96. She does not claim that the chief, knowing of Oliver's misconduct, chose not to discipline or fire him. *McCaffrey*, 133 A.3d at 548–49. In fact, she does not identify a single thing that the chief could have done to stop Oliver but did not do. Because Cephas cannot overcome the chief's immunity with "bare assertion[s]," I must dismiss her tort claims against him. *Twombly*, 550 U.S. at 556.

**B. Cephas has not plausibly pleaded that the City had a custom of ignoring misconduct**

Cephas also renews her constitutional tort claim against the City of Wilmington. 42 U.S.C. § 1983; *Monell v. Dep't Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978). For this amended claim to survive, she must plausibly plead that the City had a policy or custom of deliberate indifference to its officers' sexual misconduct. *Monell*, 436 U.S. at 690. Once again, she has not.

To start, Cephas says that the City "had an official policy" of letting its officers engage in sexual misconduct. Am. Compl. ¶ 78. Yet Cephas still has not pointed to a handbook, bulletin, manual, memo, or any other statement in which the City's higher-ups said that its officers can abuse citizens "without impunity." Am. Compl. ¶ 78; *Monell*, 436 U.S. at 690.

Failing there, Cephas next claims that the City had a custom of ignoring sexual assault: Oliver and other officers had committed "other previous acts of misconduct,"

3

yet the City ignored complaints against them. Am. Compl. ¶¶ 75, 79. This time, she adds one detail, claiming that Oliver had previously "disseminat[ed] pictures of dead children[] or persons while on duty." Am. Compl. ¶ 77. But as the City points out, that incident, even if true, has nothing to do with the City's deliberate indifference to *sexual* misconduct. D.I. 22, at 11. Absent that, Cephas has provided no support for her claim that some unidentified police officers had engaged in unidentified sexual misconduct, much less that the City had then ignored unidentified complaints about these officers. Am. Compl. ¶ 82; *Twombly*, 550 U.S. at 555. So Cephas has not plausibly pleaded a custom of deliberate indifference either.

Finally, Cephas asserts that the City trained its officers inadequately because it "failed to provide sensitivity training." Am. Compl. ¶ 80. But once again, Cephas has not explained how this training "would have prevented Oliver's intentional wrong." *Cephas*, 2021 WL 1580831, at *2 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989)). There is no reason to think that mere "sensitivity" would deter intentional sexual assault. Likewise, she still has not plausibly pleaded that the City was on notice that its officers needed this training. *Id.* (citing *City of Canton*, 489 U.S. at 390); *Connick v. Thompson*, 563 U.S. 51, 61, 71 (2011). For the City to *plausibly* be on notice, there had to be *plausible* prior incidents of sexual misconduct or *plausible* warning signs. Here, there are neither.

In light of these deficiencies, Cephas has asked for another chance to amend her complaint. D.I. 24, at 25–26. Yet that would be futile, for Cephas still has not identified facts that she would add to make her claims plausible. *Jablonski v. Pan Am.*

*World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). Thus, I will dismiss her claims against the City and the police chief with prejudice.

## II. THIS CASE MUST BE REMANDED

That means this case must go back to state court. Cephas originally filed her complaint in Delaware Superior Court. D.I. 1-1, Ex. B. Relying on her federal § 1983 claim against the City, the defendants removed it to federal court. D.I. 1 ¶ 11. Now that the § 1983 claim is gone, this Court no longer has federal-question jurisdiction. 28 U.S.C. § 1331. And because all the parties are from Delaware, this Court does not have diversity jurisdiction. D.I. 1 ¶¶ 2–4; 28 U.S.C. § 1332. Without one of these federal hooks, this Court can no longer exercise supplemental jurisdiction over Cephas's state-tort claims. So this "case shall be remanded" to Delaware Superior Court. 28 U.S.C. § 1447; *accord Bromwell v. Mich. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997).

\* \* \* \* \*

Cephas lodges serious allegations against the City and the police chief. But she had to back those allegations up with facts to survive a motion to dismiss. Despite a second chance, she still has not. So I will dismiss these claims with prejudice and remand the remaining state-law tort claims against the police officer.